IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shonta Helton, | ) | Case No. 5:19-cv-02789-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Leath Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se,[1] is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on January 24, 2020. ECF Nos. 26, 27. Petitioner filed a Response in Opposition to the Motion for Summary Judgment. ECF No. 35. On February 27, 2020, Petitioner filed a motion to alter or set aside judgment. ECF No. 39

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On March 18, 2020, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment

---

[1] At the time this action was filed, Petitioner was represented by counsel. ECF No. 1. By order dated February 3, 2020, Petitioner's counsel was permitted to withdraw because he accepted a position with the Appellate Division of the Federal Public Defender's Office. ECF No. 28.

be granted and the Petition be denied. ECF No. 45. Petitioner filed objections on April 7, 2020, and additional attachments on April 21, 2020. ECF No. 50, 52.

## APPLICABLE LAW

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace*, 544 U.S. at 418).

4

Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 650.

## **DISCUSSION**

The Magistrate Judge found that Petitioner failed to file her Petition within the one-year limitations period; accordingly, she determined that the Petition is time-barred. She notes in the Report that Petitioner is not entitled to equitable tolling because she failed to demonstrate that some extraordinary circumstance prevented her from timely filing her federal habeas Petition or that she was sufficiently diligent in pursuing her rights.

Petitioner does not directly dispute that her Petition is untimely. Instead, she asserts that she is entitled to equitable tolling. She asserts that she hired her attorney before the statute of limitations had run. She states that she paid him $7,000 on May 13, 2019.[2] ECF No. 50 at 16; *see also* ECF No. 52. Therefore, she contends that she "has submitted the burden of proof on the merits of the statute of limitations, as to why it was not (applicable) to this case at bar, because she hired knew that the time limit had expired, and counsel knew that he filed the habeas late." ECF No. 50 at 14. She also asserts that the Magistrate Judge overlooked evidence in her favor. *Id.* at 1, 5–9.

A petition filed pursuant to 28 U.S.C. § 2254 can be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v.*

---

[2] The statute of limitations ran in this action on July 20, 2019, and the Petition was not filed until October 1, 2019.

*Florida*, 560 U.S. 631, 648–49 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  As noted by the Magistrate Judge, equitable tolling of the statute of limitations is not merited because attorney ignorance or inadvertence is not an extraordinary circumstance.  *See*, *e.g.*, *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (en banc) ("This circuit has held that 'a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.'" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000))); *Cooper v. Joyner*, No. CV 8:18-2692-RMG, 2019 WL 3841936, at *4 (D.S.C. Aug. 15, 2019), *appeal dismissed,* 788 F. App'x 238 (4th Cir. 2019) ("This Court finds the Magistrate Judge correctly concluded petitioner's arguments regarding ineffective assistance of counsel or mistake of counsel are insufficient to establish equitable tolling.").  Accordingly, Petitioner's objections are overruled.

## CONCLUSION

The Court adopts the Magistrate Judge's Report and Recommendation [45].  Respondent's Motion for Summary Judgment [27] is **GRANTED** and the Petition is **DENIED**.  Petitioner's Motion to Alter and Set Aside Judgment [39] is **FOUND as MOOT**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

6

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

June 9, 2020
Spartanburg, South Carolina